PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO TRINIDAD RAMÍREZ, Defendant and Appellant.

No. 5500. Argued May 22, 1934.—Decided June 20, 1934.

*Juan Valldejuly* for appellant.  *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Francisco Trinidad Ramírez was charged in the Municipal Court of Bayamón with the offense of indecent exposure, committed in the following manner:

"That on November 8, 1933, at 2:30 p. m., in Dr. Barbosa Street of Bayamón, P. R., the said defendant, Francisco Trinidad Ramírez, then and there unlawfully, wilfully, maliciously, and lewdly exhibited his penis and masturbated in the presence of a number of persons, among them several girl students of the "Santa Rosa School,' which lewd acts annoyed and offended those who saw the occurrence.''

He pleaded not guilty and was convicted by the municipal court. Thereupon he appealed to the district court. A trial *de novo* was held in the district court where he was again convicted and then sentenced to five months' imprisonment in jail, and to pay the costs of the proceeding. He appealed to this Supreme Court, and has assigned five errors in his brief.

In his first assignment he maintains that the facts charged against him do not constitute a public offense, as it is not alleged that they were done in a public place.

We do not agree. The law applicable is Section 283 of the Penal Code, which in its pertinent part reads as follows:

"Every person who wilfully and lewdly, either:

"1. Exposes his person or the private partes thereof in any public place, or in any place where there are present other persons to be offended or annoyed thereby; . . . . . . . . . .

. . . . . . . . . . . . . . . . . . .

. . . is guilty of a misdemeanor."

As may be seen, the offense may be committed in public, or in any place where there are other persons present who may be offended or annoyed thereby, an element which according to the authorities renders the place a public one, and the complaint herein alleges that the acts were carried out in the presence of several persons, among them some girl students of the "Santa Rosa School," who were thereby annoyed and offended.

In *Van Houten* v. *State,* 46 N. J. Law; 16; 50 Am. Rep. 397, the court, in rendering its decision, expressed itself thus:

"If the State's account of this affair was the truth, there can be no doubt that in a legal sense the act complained of was done in a public place. Accepting that version as the true one, the defendant exposed himself so that he could be seen from the windows of two dwelling-houses that were within a few feet of the place of the occurrence. If it were the law that a man could lewdly expose his naked person to the inmates of two dwelling-houses, as was said in the case of *Reg.* v. *Holmes,* 6 Cox C. C. 216, 'this would not be a country fit to live in if such an abominable outrage could go unpunished.'

"According to the law of this offense the place is a public one if the exposure is such that it is likely to be seen by a number of casual observers."

In the second assignment it is maintained that the court acted without jurisdiction because it was not proved that the place, in which the acts charged against the defendant were done, lies within the Municipal Judicial District of Bayamón. We have read the testimony of the witnesses, Rafael Milán and Justino Santiago, and it may be concluded therefrom that the act was committed in front of the "Santa Rosa School"

of Bayamón, and this is sufficient. The error was not committed.

The third error, allegedly committed by the district court, consists in having failed to sustain his objection in regard to the statement of the reasons, which the Insular Policemen had, for stationing themselves behind the window blinds of the school to watch the behaviour of the defendant.

The error is predicated on the fact that during the trial the judge asked the policeman Santiago this question: "Why did you station yourselves there to see that?" and the witness answered: "Because of a complaint from the 'Santa Rosa School,' as certain girls had complained to him." The defense then stated: "We object," and the court said: "The court only wishes to find out the reason for these two witnesses being there. That is, to avoid a surprise to the court."

The defendant took an exception, and he now claims that the "attitude of the court shows that it had already conceived the intention of punishing this defendant, since it expressed itself in the manner we have stated."

We do not think that there was any error. The defendant could only be convicted upon proof of the actual commission of the offense charged against him. The court had a right to inquire as to the reasons for the presence of the policemen in the school. Thereby it would be in a better position to weigh their testimony, but this does not mean that it was going to try the defendant upon acts previously committed.

The fourth and fifth assignments may be considered jointly. They go to the merits of the case and to the scope and weight of the evidence.

Only two witnesses testified for The People, Rafael Milán and Justino Santiago, the former a corporal and the latter a detective in the Insular Police.

Milán testified that he knew the defendant, that he saw him in Barbosa Street, Bayamón, on November 8, 1933, as the result of certain complaints received from the Sisters . . . He did not continue to testify along that line because the

defendant objected. He later stated, textually: "That detective Santiago and I posted ourselves inside the 'Santa Rosa School,' and, between two and three o'clock in the afternoon, while a class was being held in a room overlooking Barbosa Street, we saw, through a window blind, this man enter a house, which is located in front of the School and which is in ruins, having been destroyed by the hurricane, and he then exposed his penis and masturbated." He describes the house in which the defendant was, as one in ruins, without any roof or doors as a result of the hurricane, and the defendant so placed that he could be seen from inside the girls' school, through the window blind, and, of course, also from the street.

The other witness testified substantially to the same effect. The contradictions noticed by the appellant in both statements are easily explainable.

At the close of the evidence, counsel for the defendant said:

"We move for the acquittal of the defendant in accordance with the law, because it has not been proved that he wilfully acted so as to lewdly expose his private parts; it has not been shown that he was seen by anyone else; he was only seen by these two policemen, who purposely stationed themselves there in order to observe him. The first question, Your Honor, is that the law requires that the act be done in a public place; we maintain that, as the evidence now stands, the legal requisites regarding the exposure of the private parts in a public place have not been complied with; it has not been shown that this was a public place, but a private house. And, second, as to the persons who witnessed the occurrence, what has been shown is that there were two detectives who went there voluntarily and expressly for that purpose."

The judge overruled the motion for a nonsuit. The defendant testified in his own behalf, thus:

"On that day, a boy came to me in order to go to the Reconstruction offices, and I told him: 'Wait for me out front, as I am going to prepare the bath,'' and when I went into the house in search or a box the corporal came and beat me without cause; he said: 'You, rascal, I was watching you' . . . I was not exposing my

private parts to any person or to anybody there . . . I only went there to find a box for the bath, since there are only two beds there, that of Angel Felipe and mine . . . I assure the court that I live in that place.''

The case having thus been submitted, the court rendered the judgment appealed from.

It is evident that an indecent exposure took place, as the conflict in the evidence was resolved against the defendant; and likewise, that the act was done in a public placé according to the decisions, in view of the condition of the house wherein the defendant was found. If he could be seen from the school, across the street, he could more easily be seen by all persons traveling along the street.

It is true that there was no evidence of his having been seen by any particular girl student, but it was positively shown that he was seen by the witnesses who testified and that he could have been seen by the girls of the school by merely looking in the direction of the place where the defendant was.

We do not think that, because the persons who saw him were police officers, it may be asserted that they could not at least be annoyed by the act of the defendant. Nor do we think that from the fact that said persons had gone to the school expressly for the purpose of investigating the case, it must be concluded that they could not be offended or annoyed. The performance of duty took them there, but this does not mean that because they were performing their duty, they did not feel the natural offense, or annoying reaction, experienced by the average decent person at the sight of such an indecorous act as that committed by the defendant in front of a girls' school.

The judgment appealed from must be affirmed.